IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARAH J. BROWN | § | |
| | § | |
| | § | |
| | § | |
| | § | Civil Action No.: 1:16-cv-00461 |
| v. | § | |
| | § | |
| | § | |
| DOVE TRUCKING, INC. and | § | |
| RUSSELL LEIGH DESHON | § | JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff SARAH J. BROWN complaining of Defendants DOVE TRUCKING, INC. and RUSSELL LEIGH DESHON. In support thereof, Plaintiff would respectfully show unto the Court that:

**A. Parties**

1. Plaintiff SARAH J. BROWN is an individual that is a citizen of the State of Texas.

2. Defendant DOVE TRUCKING, INC. is a corporation that is incorporated under the laws of the State of Colorado and is a non-resident motor vehicle operator who was involved in a collision in Burleson County, Texas, and may be served at 11424 East 119th Avenue; Henderson, Colorado 80640, through the Chairman of the Texas Transportation Commission pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §17.062 and Fed. R. Civ. P. 4(h)(1).

3. Defendant RUSSELL LEIGH DESHON is an individual and a citizen of the State of Colorado and a non-resident driver for a motor vehicle operator who was involved in a collision in Burleson County, Texas, and may be served at 11424 East 119th Avenue; Henderson, Colorado 80640, through the Chairman of the Texas Transportation Commission pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §17.062 and Fed. R. Civ. P. 4(e)(1).

### B. Jurisdiction

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and each of the properly joined Defendants.

5. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

### C. Venue

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events, acts or omissions giving rise to this claim—the collision in Burleson County, Texas--occurred in the Western District of Texas.

### D. Factual Background

7. This lawsuit arises from a collision that occurred on FM 166 in Burleson County, Texas on or about 12:16 p.m. on April 16, 2014, approximately one-tenth of a mile from the intersection at Highway 358 at the entrance to a private drive off of FM 166.

8. On the day in question, Defendant RUSSELL LEIGH DESHON ("DESHON") was driving a tractor-trailer that was owned and/or operated by Defendant DOVE TRUCKING, INC. According to the investigating officer, Defendant DESHON had been traveling westbound on FM 166 and had stopped in his lane of traffic so he could verify the correct business address for a delivery. Plaintiff SARAH J. BROWN was a passenger on a motorcycle traveling eastbound on FM 166.

9. Defendant DESHON failed to yield the right of way and began turning left across the eastbound lane of FM 166 into a business driveway and into the lane that the motorcycle that

Plaintiff SARAH J. BROWN was a passenger on was traveling. The motorcycle and the tractor-trailer subsequently collided.  As a result, Plaintiff SARAH J. BROWN suffered serious injuries and damages, including serious head injuries.

### E.  Negligence and Negligence Per Se

10. At all times material to this cause of action the Defendant DOVE TRUCKING, INC. and those for whom it is in law fully responsible, including but not limited to, Defendant RUSSELL LEIGH DESHON, the driver of the tractor and trailer involved in the April 16, 2014 incident, engaged in conduct constituting negligence and negligence per se in the operation of the tractor-trailer.

11. Further, Defendant DOVE TRUCKING, INC. and its agent and/or employee Defendant DESHON engaged in acts and omissions constituting negligence and negligence per se, including, but not limited to the following:

    (a)    In failing to maintain a proper lookout;

    (b)    In failing to make a timely application of the brakes;

    (c)    In failing to yield the right of way when turning;

    (d)    In failing to operate the tractor-trailer in a reasonable and prudent manner;

    (e)    In failing to yield the right of way when turning left, thereby violating Texas Transportation Code   §5445.152;

    (f)    In otherwise failing to operate the tractor-trailer in accordance with the Texas Transportation Code, Federal Motor Carrier Safety Regulations and Texas Motor Carrier Safety Regulations; and

    (g)    Other acts or omissions constituting negligence and negligence per se to be proven at trial.

3

12.     At the time of the collision, the Defendants DOVE TRUCKING, INC. and DESHON, and those for whom they are in law fully responsible, were operating such tractor-trailer in interstate commerce.

13.     More specifically at the time of the collision, Defendant DESHON was the employee and/or statutory employee of Defendant DOVE TRUCKING, INC. by the operation of law under the Federal Motor Carrier Safety Act, 49 USCA § 14102); 49 CFR § 376.11-12 and other applicable law, and such Defendants had a duty to exercise ordinary care and operate such vehicle reasonably and prudently at the time of the collision in question.

14.     Defendant DOVE TRUCKING, INC. and those for whom it is in law fully responsible, including the Defendant DESHON, and DESHON individually, breached that duty and the breach of that duty by the Defendants was a proximate cause of the occurrence in question and the injuries and damages sustained by the Plaintiff.

15.     The acts and omissions of Defendants DOVE TRUCKING, INC. and DESHON constitute negligence and negligence per se as described herein and were each a proximate cause of the occurrence in question, and the injuries and damages sustained by the Plaintiff.

### F. Damages

16.     At the time of such occurrence, Plaintiff SARAH J. BROWN was twenty-one (21) years of age and had a life expectancy of 61.8 years, according to the applicable United States Life Tables, 2009, a copy of which will be used in evidence at the trial of this case.  SARAH J. BROWN was in good health and capable of earning a living for herself.

17.     As a direct and proximate result of the Defendants' negligence and negligence per se, Plaintiff suffered or sustained the following injuries and damages:

(a) lost earnings in the past and, in reasonable probability, in the future;

(b) loss of earning capacity in the past and, in reasonable probability, in the future;

(c) physical pain and mental anguish in the past and, in reasonable probability, in the future;

(d) physical impairment and disfigurement in the past and, in reasonable probability, in the future; and

(e) medical, hospital, and related expenses in the past and, in reasonable probability, in the future.

### G. Prayer

18. WHEREFORE, Plaintiff SARAH J. BROWN, respectfully prays for judgment as follows:

   a. For all compensatory damages as allowed by law against Defendants in an amount to be proved at trial;

   b. For costs of suit;

   c. Prejudgment and post-judgment interest; and

   d. For such other and further relief as this Court deems proper.

### Jury Demand

Plaintiff hereby requests a trial by jury.

Respectfully submitted,

**MITHOFF LAW**

/s/ Janie L. Jordan
RICHARD WARREN MITHOFF
Federal Bar No. 2012
JANIE L. JORDAN
Federal Bar No. 17407
WARNER V. HOCKER
State Bar No. 1133732
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 [FAX]

And

WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR & HIGGINBOTHAM, PLLC

EUGENE W. (CHIP) BREES
State Bar No. 02947500
7500 Rialto Boulevard
Building 2, Suite 250
Austin, Texas 78735
(512) 476-4346
(512) 476-4400 [FAX]

**ATTORNEYS FOR THE PLAINTIFF**